E-FILED
Monday, 06 February, 2006 04:31:57 PM
Clerk, U.S. District Court, ILCD

05 SEP 27 PM 1:31

IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW CLARK
8646 Hunter Crossing
Dalton City, IL 61925

Plaintiff,

vs.

ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY

SERVE: CT Corporation
Registered Agent
208 S. LaSalle St., #814
Chicago, IL 60604

Defendants.

Cause No. 05-688-WDS
Division No.

**JURY TRIAL DEMANDED**

**COMPLAINT**

**COUNT I**

COMES NOW plaintiff, Matthew Clark, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count I of his cause of action against the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, a corporation, states:

2:06-cv-02025-HAB-DGB # 1 Filed: 09/27/05 Page 2 of 6

## Jurisdictional Statement

1. Plaintiff, Matthew Clark, is and was at all times relevant a resident of Dalton City, Illinois.

2. Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Southern District of Illinois.

3. Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4. This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5. Venue of this action is proper in the United States District Court for the Southern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

**Federal Employers Liability Act**

6. That at all times hereinafter mentioned, plaintiff, Matthew Clark, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, in interstate commerce.

7. That on or about June 30, 2005 while employed as a switchman/conductor for the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, at or near Decatur, Illinois, and during the course of his employment as a switchman for the defendant, plaintiff was injured while pulling a pin between cars, lost his footing on oversize ballast causing him to be seriously and permanently injured.

8. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the defendant in failing to provide plaintiff with a reasonably safe place to work in one or more of the following:

a.) Failed to provide Plaintiff with a reasonably safe place to work; or

b.) Failed to provide reasonably safe conditions for work; or

c.) Failed to provide reasonably safe methods of work; or

d.) It failed to provide reasonably safe pathways; or

e.) It failed to properly inspect the ballast or pathway; or

f.) Failed to properly maintain the ballast or pathway; or

g.) Failed to properly tamp the ballast; and

h.) Failed to comply with 49 C.F.R. 213.

9. As a result of the aforementioned conduct of the defendants, plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: plaintiff suffered injuries to his back and left knee and adjacent structures; plaintiff was caused to undergo x-rays and painful tests; he was caused to undergo medical treatment; plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to plaintiff's damage in a sum to be determined.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

**COUNT II**

Negligence Per Se

COMES NOW plaintiff, Matthew Clark, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count II of his cause of action against the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, a corporation, states:

10. Plaintiff restates and realleges paragraphs 1 through 9 of Count I, as if fully set forth herein.

11. That Plaintiff's herein stated injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant in that Defendant failed to keep and maintain those margins and/or areas alongside its tracks, where railroad employees, including Plaintiff, are required to walk/work in the course of their duties, reasonably free from hazards of which Defendant knew or which should have been known to exist, thereby constituting a violation of 49 C.F.R. 213.

12. Defendant's violation of said and federal regulation constitutes negligence per se.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

RATHMANN & O'BRIEN, L.L.C.

PATRICK S. O'BRIEN #3127549
1031 Lami
St. Louis, MO 63104
(314) 773-3456

Attorneys for Plaintiff